IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMRO ELANSARI, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 20-CV-6170 |
| | : | |
| MAITE RAGAZZO, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

**SLOMSKY, J.**                                                                                                              **JANUARY 29, 2021**

Plaintiff Amro Elansari, a frequent litigator in this Court,[1] filed this *pro se* civil action pursuant to 42 U.S.C. § 1983, against Probation Officer Maite Ragazzo, "15th Judicial District" and Chester County. The Court understands Elansari to be claiming that the 15th Judicial District, which administered his probation for a time, maintained an unconstitutional policy as to probationers who used marijuana for medical purposes. He seeks leave to proceed *in forma pauperis*. The Court will grant Elansari leave to proceed *in forma pauperis* and dismiss his Complaint for the following reasons.

**I. FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**

In 2015, Elansari was arrested for and convicted of various marijuana-related offenses in Pennsylvania. *See Commonwealth v. Elansari*, CP-14-CR-0000408-2015 (C.P. Centre). It appears his probation was revoked in 2017, apparently as a result of a conviction on new drug charges, and a new sentence was imposed. *Id.*; *see also Commonwealth v. Elansari*, CP-14-CR-

---

[1] *See Elansari v. Commonwealth of Pa.*, Civ. A. No. 21-0141, 2021 WL 288792 (E.D. Pa. Jan. 28, 2021).

1

0001625-2016 (C.P. Centre).  Elansari's claims in the instant civil action concern his sentence of probation, the administration of which had been transferred from Centre County to Chester County for a period of time.  (ECF No. 2 at 3.)[2]

Elansari notes that, in 2016, Pennsylvania legalized use of marijuana for medical purposes and began issuing "medical cannabis cards" in 2018.  (*Id.* at 1.)  He alleges that he had a conversation in 2018 with Defendant Ragazzo, a probation officer in Chester County.  (*Id.*)  At the time, Elansari was on probation.  (*Id.*)  He claims that Ragazzo told him "we no care what the law is – we gonna do what we want" which Elansari interpreted as meaning that "they (probation) didn't care whether or not the pot cards were coming out – the were still going to drug test and fail people for pot no matter what."  (*Id.*)  Elansari alleges this was a violation of his equal protection rights, and that he moved to Philadelphia as a result.  (*Id.*)

Elansari "filed an action to recover compensatory damages for the move."  (*Id.*)  On December 22, 2020, a Magisterial District Judge rejected Elansari's claims and entered judgment in favor of the Defendants.[3]  *Elansari v. Ragazzo*, MJ-15101-CV-0000083-2020 (Chester Cty.). Elansari alleges that the Judge "was furious" that Elansari "had 'outsmarted the system'" and was going to report the matter to Centre County probation because he thought Elansari had defrauded the system by moving to Philadelphia. (ECF No. 2 at 1.)  Elansari describes this as retaliation.  (*Id.* at 2.)

Elansari asserts two claims.  The first is pursuant to § 1983 for a violation of his equal protection rights based on the conversation he had with Officer Ragazzo and what he alleges was

---

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

[3] It is unclear at this time whether the judgment in Elansari's state case precludes his claims in the instant case.  *See Turner v. Crawford Square Apartments III, L.P.*, 449 F.3d 542, 548 (3d Cir. 2016) (discussing claim preclusion).

2

the policy of the 15th Judicial District as to probationers who obtained a card permitting them to use medical marijuana. In support of that claim, Elansari relies on a 2020 opinion issued by the Pennsylvania Supreme Court, which he attached to his Complaint as an exhibit. (*Id.* at 3 & 8-23.) In that case, the Pennsylvania Supreme Court concluded that the policy of the Lebanon County Court of Common Pleas — which essentially prohibited marijuana use among probationers even if the probationer had a medical marijuana card and put the burden on the probationer to prove medical necessity for marijuana use to avoid a probation violation — was unenforceable because it was "contrary to the immunity accorded by Pennsylvania's Medical Marijuana Act." *Gass v. 52nd Judicial Dist., Lebanon Cty.*, 232 A.3d 706, 715 (Pa. 2020). Elansari's second claim is for retaliation in alleged violation of the Pennsylvania Human Relations Act based on the statements the Magisterial District Judge made in dismissing Elansari's state case. (*Id.* at 5.) Elansari seeks unspecified damages, declaratory relief, and injunctive relief. (*Id.* at 6.)

     Counsel entered his appearance for the Defendants, although they have not yet been served, and moved to dismiss the claims against Defendant Ragazzo based on qualified immunity for her 2018 comments, and because no other conduct is attributed to her that supports a claim. (ECF No. 5-2.) Elansari responded that Defendant Ragazzo is not entitled to qualified immunity because when the law changed in Pennsylvania, "probation officers should have known to change their policy on cannabis" and failure to do so was an equal protection violation. (ECF No. 6 at 2-3.) He also clarifies that he had his discussion with Ragazzo in January 2018, at a time when he was anticipating obtaining a medical marijuana card, and that he therefore had to "move to avoid the equal protection violation for 2 years." (*Id.* at 4-5; *see also id.* at 7 ("Defendant does not deny that they told the Plaintiff they were not going to respect the pot cards

in January of 2018 when the Plaintiff informed Ragazzo of a meeting scheduled with a PA Medical Cannabis Program certified doctor to obtain a card.").)

Elansari also moved to withdraw his claims based on statements made by the Magisterial District Judge who dismissed his case in state court. (*Id.* at 8 (noting that Elansari "intends to move to strike all portions of the complaint pertaining to the most recent small claims hearing")); (ECF No. 7 (moving to "strike the parts of the Complaint pertaining to Judge Maisano/Judge Nistico").) In doing so, he clarified that the remainder of his complaint is "about (1) Ragazzo's violation in January 2018 and (2) 15th Judicial Districts unconstitutional policy as a whole." (ECF No. 7 at 1.) Elansari also moved to amend his complaint to remove the portions pertaining to the resolution of his claims in state court and the related judicial statements, and to add a discussion of the law on qualified immunity. (ECF No. 8.) His attached proposed amended complaint names as Defendants Ragazzo, the 15th Judicial District, and "Chester County John Doe 1-4 (Supervisors)." (*Id.*) He again raises an equal protection claim based on the January 2018 discussion with Ragazzo and his decision to move to Philadelphia based on that discussion. (*Id.* at 2.)

## II.    STANDARD OF REVIEW

The Court grants Elansari leave to proceed *in forma pauperis* because it appears that he is not capable of pre-paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. The Court's screening of Elansari's Complaint under § 1915(e)(2)(B)(ii) and consideration of Ragazzo's Motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) are governed by the same standard, *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017). As Elansari is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III.   DISCUSSION

The Court will grant Elansari's "Motion to Strike." Accordingly, the only claims at issue are those against Officer Ragazzo, the 15th Judicial District and Chester County based on Officer Ragazzo's statements, which led Elansari to leave Chester County for Philadelphia for at least two years because he intended to procure a card to use medical marijuana and feared that use of medical marijuana would subject him to a probation violation.

**A.   Claims for Declaratory and Injunctive Relief are Moot**

To the extent Elansari seeks unspecified prospective relief, his claims are moot. Article III of the Constitution, which limits the power of federal courts to addressing cases and controversies, "does not permit federal courts to decide moot cases." *Rosetti v. Shalala*, 12 F.3d 1216, 1223 (3d Cir. 1993). This principle "follows from the often-repeated rule that under the case or controversy requirement, federal courts are without power to decide questions that cannot affect the rights of the litigants in the case before them." *Id.* (internal quotations omitted). "If one or more of the issues involved in an action become moot . . . , the adjudication of the moot issue or issues should be refused." *New Jersey Tpk. Auth. v. Jersey Cent. Power & Light*, 772 F.2d 25, 30 (3d Cir. 1985).

Elansari's filings make clear that he lives in Philadelphia, not Chester County, and that his probation is administered in Philadelphia. (ECF No. 2 at 3 "Plaintiff has acquired [an]address in Philadelphia and has reported to Philadelphia probation ever since after the address was approved by Centre County Probation.").) Since his probation is no longer administered by the 15th Judicial District in Chester County, there is no basis for him to seek prospective relief. Even if Elansari intended to move back to Chester County, which he does not allege, there is no plausible allegation that the 15th Judicial District would not comply with the law as set forth by the Pennsylvania Supreme Court in *Gass*, now that the law has been clarified. Accordingly, Elansari's claims for prospective declaratory and injunctive relief are dismissed as moot, leaving only his damages claims, which the Court will address below. *See Hayes v. Harvey*, 903 F.3d 32, 40 (3d Cir. 2018) (en banc) (when tenant moved from housing unit, claims seeking declaratory and injunctive relief to bar eviction were moot because he lacked a legally cognizable interest in the outcome of the case); *Bellocchio v. New Jersey Dep't of Envtl. Prot.*, 602 F. App'x 876, 879 (3d Cir. 2015) (per curiam) ("As an initial matter, Bellocchio's claims for injunctive relief against all Defendants are moot, as the Bellocchios moved from their home.").

### B. Claims Against the 15th Judicial District & Chester County

Elansari's § 1983 claims for money damages against the 15th Judicial District and Chester County appear to be based on what Elansari believes is a policy of not complying with either the United States Constitution or Pennsylvania law in administering probation of those who hold medical marijuana cards. Notably, although Elansari's papers suggest that he intended to procure a medical marijuana card, it is not clear whether he ever obtained one. Nor does

Elansari allege that he was charged with violating his probation because he used marijuana on a medical basis after receiving a card.

Nevertheless, leaving these pleading issues aside, Elansari has not stated a claim against the 15th Judicial District. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The Eleventh Amendment bars suits against a state in federal court when the state has not waived that immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989). "Pennsylvania's judicial districts, including their probation and parole departments, are entitled to Eleventh Amendment immunity." *Haybarger v. Lawrence Cty. Adult Prob. & Parole*, 551 F.3d 193, 198 (3d Cir. 2008) (citing *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 240-41 (3d Cir. 2005)). In other words, "all courts and agencies of the [Pennsylvania Unified Judicial System] are part of the Commonwealth government rather than local entities[,]" and an "individual district and its probation and parole department[,]" as "arm[s] of the State," are entitled to share in the Commonwealth's immunity under the Eleventh Amendment. *See id.* The Commonwealth of Pennsylvania has not waived that immunity here. *See* 42 Pa. Cons. Stat. § 8521(b). Additionally, the Commonwealth and its agencies are not considered "persons" for purposes of § 1983. *See Will*, 491 U.S. at 69.

For these reasons, Elansari's claims against the 15th Judicial District are barred by the Eleventh Amendment. It appears Elansari has sued Chester County because that is the county in which the 15th Judicial District is located. So, to the extent his is suing Chester County separately from the 15th Judicial District, he cannot articulate a plausible basis for a claim

because Chester County is not liable for the policies of the 15th Judicial District, which are the policies of the Commonwealth.

**C. Claims Against Ragazzo**

Elansari's equal protection claim against Ragazzo also fails. This claim is based entirely on a conversation that Elansari had with Ragazzo in January 2018, which may be characterized as Ragazzo having represented that she would not honor Elansari's medical marijuana card should he obtain one, or implying that even if he were to obtain one, he would violate the terms of his probation if he used marijuana. Elansari describes this as an equal protection violation.[4] However, any equal protection claim is not plausible.

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). "[T]o state a claim for 'class of one' equal protection, a plaintiff must at a minimum allege that he was intentionally treated differently from others similarly situated by the defendant and that there was no rational basis for such treatment." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 243 (3d Cir. 2008). "Persons are similarly situated under the Equal Protection Clause when they are alike 'in all relevant aspects.'" *Startzell v. City of Philadelphia, Pa.*, 533 F.3d 183, 203 (3d Cir. 2008) (quoting *Norlinger v. Hahn*, 505 U.S. 1, 10 (1992)).

---

[4] Elansari "has no constitutional right to use or possess medical marijuana." *Elansari v. United States*, Civ. A. No. 15-01461, 2016 WL 4415012, at *4 (M.D. Pa. July 11, 2016), *report and recommendation adopted Elansari v. States*, Civ. A. No. 15-1461, 2016 WL 4386145 (M.D. Pa. Aug. 17, 2016). Additionally, users of marijuana are not members of a protected class entitled to heightened protection under the equal protection clause. *See Elansari v. United States*, 823 F. App'x 107, 111 (3d Cir. 2020) (per curiam).

As noted above, Elansari does not allege that he qualified for or obtained a medical marijuana card, nor does he allege that Ragazzo, or anyone else, charged him with violating his probation for using marijuana for medical reasons.  Elansari also does not allege that he was treated differently from other probationers who obtained or intended to obtain a medical marijuana card, *i.e.*, those who could be considered similarly situated.  To the extent Elansari is basing his claim on a suggestion that medical marijuana users are similarly situated to probationers who "were prescribed other medications," (ECF No. 2 at 3), that vague and generalized conclusory allegation is insufficient to state a plausible equal protection claim.

At most Elansari has alleged a violation of state law, *i.e.*, a failure to afford probationers who are users of medical marijuana (including Elansari if he ultimately qualified) the immunity afforded to them by Pennsylvania's Medical Marijuana Act.  But that does not necessarily translate into a constitutional violation.  *See Wyatt v. Dep't of Prob. & Parole*, No. 19-CV-5460, 2020 WL 2307351, at *7 (E.D. Pa. May 8, 2020) ("[E]ven if this Court were to assume that the statute at issue was violated, a violation of state law generally does not equate to a federal constitutional violation.").  To the extent Elansari relies on the Pennsylvania Supreme Court's opinion in *Gass*, that case concerned an interpretation of Pennsylvania law; no constitutional claims were discussed.  In sum, Elansari has not alleged a plausible constitutional violation.

It is also worth noting that Elansari's claim against Defendant Ragazzo, which is based entirely on a January 2018 conversation, is time-barred.  Pennsylvania's two-year statute of limitations applies to this claim.  *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007).  A claim accrues "when a plaintiff has a complete and present cause of action, that is, when [he] can file suit and obtain relief." *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (quotations omitted).  Elansari essentially alleges that Ragazzo's statements

9

constituted an equal protection violation, or led him to believe his equal protection rights would be violated, so he fled for Philadelphia. At that time, he was aware of the alleged violation of his rights. Although the precise date of this conversation does not appear in Elansari's Complaint, it appears in Elansari's Response to Ragazzo's Motion to Dismiss, (ECF No. 6 at 5 (admitting he was told by Ragazzo at a meeting in January 2018 that "they were not going to honor the pot cards");(*see also id* at 7 & 9), and is therefore a judicial admission that may be considered by the Court. *See Parilla v. IAP Worldwide Servs., VI, Inc.*, 368 F.3d 269, 275 (3d Cir. 2004) (discussing judicial admissions); *Glick v. White Motor Co.*, 458 F.2d 1287, 1291 (3d Cir. 1972) ("The scope of judicial admissions is restricted to matters of fact which otherwise would require evidentiary proof."); *In re C.F. Foods, L.P.*, 265 B.R. 71, 87 (Bankr. E.D. Pa. 2001) ("Generally, factual assertions admitted by a party in an answer or response are considered judicial admissions which are conclusively binding upon the party who made them."). Despite filing numerous lawsuits in this Court, Elansari did not file his claims against Ragazzo until December 22, 2020, several months after the statute of limitations expired, so his claims against her are time-barred.[5]

### D. Motion to Amend

In dismissing a Complaint for failure to state a claim, a Court should consider whether amendment is appropriate and grant leave to amend "unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). Here, in addition to the Complaint, the Court has before it Elansari's response to Ragazzo's Motion to Dismiss and his Motion to Amend with his proposed amended complaint. Other than omitting

---

[5] To the extent Elansari intended to assert a retaliation claim against Ragazzo under the Pennsylvania Human Relations Act or Pennsylvania tort laws, there is no basis for this Court's subject matter jurisdiction over those claims. *See* 28 U.S.C. § 1332(a).

the allegations about the resolution of his claims in state court and adding a discussion on qualified immunity, the allegations are essentially the same as those in the initial Complaint. (ECF No. 8.)  However, the proposed amended complaint also adds "John Doe 1-4 (Supervisors)" as Defendants based on Elansari's allegation that the "Defendants as an entire organization – by and through its supervisors – intentionally ignored the Pennsylvania Medical Cannabis law when it was passed and implemented and went as far as 2 years wrongfully and unjustly prosecuting cannabis card holders unequally compared to other prescription holders." (*Id.* at 6.)

The defects identified above are not cured by Elansari's proposed amended complaint. Furthermore, he has not raised any particularized allegations against the unknown supervisors that supports a plausible claim against them.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs.").  Accordingly, the Court concludes that amendment would be futile here.

### IV.     CONCLUSION

For the foregoing reasons, the Court will grant Elansari leave to proceed *in forma pauperis*, grant his Motion to Strike, dismiss his Complaint and deny his Motion to Amend. Having dismissed this case on other grounds, the Court declines to address Ragazzo's qualified immunity defense.  An appropriate Order follows.

**BY THE COURT:**

/s/Joel H. Slomsky, J.
**JOEL H. SLOMSKY, J.**